**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DWAYNE R. TORRENCE, JR., <br><br> Plaintiff, <br><br> v. <br><br> BARTELS, M.D., et al., <br><br> Defendants | Civil Action No. SAG-20-1223 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff Dwayne R. Torrence, Jr. hereby opposes, in part, the Motion to Modify Scheduling Order (ECF No. 64) filed by Defendants Nicole Hargraves, Robert Williams, Bernard Alenda, Liberatus DeRosa, Electa Awanga, Mandip Bartels, Eveline Tatong, and Mofikpara Wright. While Plaintiff does not oppose the modification of upcoming deadlines (such as the general discovery, requests for admission, and pretrial motions deadlines), Plaintiff opposes the modification of deadlines that have *already passed*, such as the deadline for Defendants' Rule 26(a)(2) disclosures. In support, Plaintiff hereby states as follows:

**BACKGROUND**

The initial Scheduling Order was issued by this Court on November 19, 2020, noting that "**the schedule will not be changed except for good cause**." (ECF No. 37 at 1) (emphasis in original). The Parties jointly filed motions to modify the Scheduling Order on December 1, 2020 (ECF No. 39), March 1, 2021 (ECF No. 43), June 2, 2021 (ECF No. 47), August 5, 2021 (ECF No. 51), and finally on October 29, 2021 (ECF No. 55). All of the joint motions were granted by this Court, with the final motion being granted on November 1, 2021. (ECF No. 56) As noted in the latest Joint Motion to Modify Scheduling Order, filed October 29, 2021, at the time of filing the

1

Parties had discussed the scheduling of depositions and the preparation of expert witness reports. (ECF No. 55).  The Parties agreed that, among other things, Plaintiff's Rule 26(a)(2) disclosures would be due March 18, 2022, followed by Defendants' Rule 26(a)(2) disclosures on April 12, 2022, and any rebuttal by Plaintiff would be due May 12, 2022.  (ECF No. 55).

Consistent with the modified Scheduling Order, Plaintiff disclosed his expert report to Defendants' counsel on March 18, 2022.  *See* Exhibit A (March 18, 2022 transmittal by A. Chang (Plaintiff's counsel) of Plaintiff's Rule 26(a)(2) disclosure).  Plaintiff did not receive an expert disclosure from Defendant on or by April 12, 2022, the agreed-upon deadline for Defendants' Rule 26(a)(2) disclosures.  During discovery, Plaintiff has issued twenty-seven discovery requests and deposed seven of the eight Defendants.

On June 10, 2022, Defendants' counsel informed Plaintiff's counsel that she was in the process of finalizing an expert report.  Defendants' counsel also noted that the deadline for expert disclosure deadline had passed and that she wished to extend the deadlines laid out in the Scheduling Order.  That date, June 10, 2022, was the first time that Defendants' counsel ever mentioned anything about having an expert, despite other expert-related deadlines having passed. Defendants' counsel provided no explanation for the surprise or for the months-long delay.

Plaintiff's counsel responded to Defendants' counsel on June 17, 2022, expressing that Plaintiff would oppose a motion to retroactively extend Defendants' expert disclosure deadline. On June 23, 2022, Defendants filed a unilateral motion to extend Defendants' expert disclosure deadline (ECF 64).  Defendants' motion did not state that the motion was opposed (inconsistent with Local Rule 105.9), did not alert the court to the fact that the motion sought to retroactively change a long overdue court-ordered deadline, and did not provide any reasoning as to why the deadline should be moved (inconsistent with Local Rule 105.1).

## ARGUMENT

Defendants seek to unilaterally amend a deadline in the Scheduling Order that they knowingly let pass.  In their Motion, Defendants provided no reason for failing to timely file an expert report, nor did they provide any justification as to why an extension should be granted by the Court.  Given that Defendants bear the burden of proving that such an extension is warranted, providing no explanation is fatal to the portions of the Motion concerning the retroactive extension of deadlines.

### I.   Defendants Fail to Satisfy their Burden of Proof Required to Unilaterally Move to Amend a Lapsed Deadline.

This Court issued a Scheduling Order on November 19, 2020, and has subsequently modified it pursuant to joint motions by the Parties five times, most recently on November 1, 2021. The modified Scheduling Order had provided that the deadline for Defendants to complete their Rule 26(a)(2) disclosures was April 12, 2022.  Nearly two and a half months after missing this deadline, Defendants now seek to change the Parties' agreed schedule, disregard the Court's order, and retroactively grant themselves a total of four months to comply with their disclosure obligations.

In civil cases, district courts must issue scheduling orders under Rule 16 of the Federal Rules of Civil Procedure "to control the subsequent course of the action so as to improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process." *Forstmann v. Culp*, 114 F.R.D. 83, 84-85 (M.D.N.C. 1987) (internal quotation marks omitted).  A scheduling order must include a limit on the time to amend the pleadings and file motions.  Fed. R. Civ. P. 16(b)(3)(A).  A scheduling order is not a "frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *CBX Techs., Inc. v. GCC*

*Techs., LLC*, Civ. No. JKB-10-2112, 2012 U.S. Dist. LEXIS 103499, at *9 (D. Md. July 24, 2012), *aff'd*, 533 F. App'x 182 (4th Cir. 2013) (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999)); *see also Miller v. Transcend Services, Inc.*, No. 1:10-CV-362, 2013 U.S. Dist. LEXIS 54789, at *14 (M.D.N.C. Apr. 16, 2013) (holding that a scheduling order represents "the critical path chosen by the [Court] and the parties . . . in securing the just, speedy, and inexpensive determination of every action.").

Where a party moves to amend a scheduling order *after* the deadline in question has passed, both Rule 6(b)(1)(B) and Rule 16(b) are implicated. *United States ex. rel. Manganaro Midatlantic LLC*, Civ. No. PX-16-2816, 2018 U.S. Dist. LEXIS 135059, at *2 (D. Md. Aug. 10, 2018). Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect," while Rule 16(b)(4) allows a scheduling order to be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4).

While there is ambiguity on which Rule to apply when a party files a motion *after* the scheduling order deadline,[1] the Court should apply the traditional rules of statutory interpretation

---

[1] In a situation where a party files a motion after the scheduling order deadline, the questions of (1) whether Rule 6's "excusable neglect" standard or Rule 16's "good cause" standard applies and (2) which standard requires a higher showing by the moving party are both sources of ambiguity. *Johnson v. City of Indianola*, No. 4:19-CV-19-DMB-RP, 2020 U.S. Dist. LEXIS 201294, at *2 (N.D. Miss. Oct 29, 2020) (quoting *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) (collecting cases)). "In short, the relationship between Rule 16 and Rule 6 is muddled." *Century Indem.*, 323 F.R.D. at 241. Decisions in the Fourth Circuit are not immune to this ambiguity. *See, e.g.*, *Gilmore's Farm, Inc. v. Herc Rentals, Inc.*, No. 5:20-CV-578-BR, 2021 U.S. Dist. LEXIS 214316, at *3 (E.D.N.C. Nov. 5, 2021) (finding that "the more specific requirements of Federal Rule of Civil Procedure 6(b)(1)(B) appl[y]" where the deadline sought to be extended has already passed); *Lucey v. Swn Prod. Co.*, Civ. No. 5:17-CV-66, 2018 U.S. Dist. LEXIS 237114, at *5 (N.D.W. Va. Nov. 1, 2018) (finding that "[s]ince [the moving party] requests to amend a scheduling order after the deadline has occurred both Rule 16(b) and 6(b) apply."); *Manganaro*, 2018 U.S. Dist. LEXIS 135059, at *2 (finding that "the good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1)").

4

to find that Rule 16(b)(4) – a specific statute – applies here. *See Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (utilizing traditional rules of statutory interpretation to interpret the Federal Rules of Civil Procedure); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("where there is no *clear* intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."). Rule 16 is a specific statute that both authorized the Scheduling Order that Defendants seek to amend and contains a specific provision governing the relief sought, whereas Rule 6 is a general statute applicable to extend any "act" required to be done in a certain amount of time. *See Destra v, Demings*, 725 Fed. Appx. 855, 859 (11th Cir. 2018) (holding that when a deadline appears in a scheduling order and a motion is filed after the deadline, Rule 16 applies); *Meriweather v. Johnson Controls*, No. 1:20-CV-31-HAB, 2021 U.S. Dist. LEXIS 1043, at *10-11 (N.D. Ind. Jan. 5, 2021) (holding that Rule 16(b)(4) is the "appropriate, applicable rule" to apply when analyzing a motion to modify a deadline in a scheduling order retroactively because "Rule 6 is a rule of general applicability; it is a gap filler that allows for extensions when other more specific rules do not apply"); *Manganaro*, 2018 U.S. Dist. LEXIS 135059, at *2 (collecting cases that held that Rule 16(b)(4), not Rule 6(b), applies because it is the more specific rule).

Defendants have failed to satisfy their burden of proof under Rule 16(b)(4) because they have failed to show "good cause." Even if Rule 6 applies, Defendants have not satisfied their burden of proof because they have failed to show "good cause and excusable neglect." In fact, they haven't explained their failure to file *at all*. Thus, regardless of the standard chosen by the Court, Defendants have failed to satisfy their burden of proof with respect to making the requisite showing for retroactively modifying a deadline in the Scheduling Order.

## II.    Defendants have not made the requisite showing of "good cause" for modification of the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4).

Defendants' Motion must fail under the Scheduling Order, Rule 16(b)(4), and the Local Rules.  The Scheduling Order states in the first paragraph, in bold print, that "[t]he schedule will not be changed except for good cause."  (ECF No. 37 at 1).  Similarly, Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *Hammons v. Univ. of Md. Med. Sys. Corp.*, Civ. No. DKC 20-2088, 2022 U.S. Dist. LEXIS 63989, at *4 (D. Md. Apr. 6, 2022) (holding that district courts have broad discretion to manage the timing of discovery and that the "only formal limitation on this discretion is that a party seeking modification must demonstrate good cause."). The moving party bears the burden of demonstrating "good cause."  *Nourison*, 535 F.3d at 298; *United States v. Hartford Accident & Indem. Co.*, Civ. No. JKB-14-2148, 2016 U.S. Dist. LEXIS 11919, at *5 (D. Md. Feb. 2, 2016).  Lastly, the local rules for this Court ("Local Rules") require counsel to "state in the [motion for extension of time] whether the consent of other counsel has been obtained" and to support such motion with "a memorandum setting forth the reasoning and authorities in support of it."  Local Rules 105.1 and 105.9.

"Good cause comes into play in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (internal quotation marks omitted).  "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant.  Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'"  *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md.

2002) (quoting *W.V. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001)); *see also Potomac Elec.*, 190 F.R.D. at 375 (stating that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").  If the moving party lacked diligence, the inquiry should end as "whatever other factors are also considered, the good-cause standard will not be satisfied if the court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (internal quotations and citations omitted); *see also Hammons*, 2022 U.S. Dist. LEXIS 63989, at *4.  Besides diligence, the following additional factors may be considered in determining whether good cause exists:  danger of prejudice to the non-moving party, the length of the delay and its effects on proceedings, the reason for the delay, and whether the movant acted in good faith. *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010).

Here, Defendants have not met their burden of proof under the "good cause" standard of Rule 16(b) because they have failed to act diligently.  Defendants' counsel first notified Plaintiff's counsel of their intent to file an expert report on June 10, 2022, nearly two months after the deadline to do so, Defendants' counsel did not disclose their intention of doing so prior to this date. Defendants have provided no explanation to the Court or to Plaintiff's counsel as to why they failed to meet the April 12, 2022 deadline for their Rule 26(a)(2) disclosures.  The only reasoning provided in their Motion is that "Defendants believe that it is necessary to conduct additional discovery and extend certain deadlines with the goal of engaging in meaningful settlement discussions" and "Defendants believe that [the granting of] this [Motion] will better aid the Parties in settlement negotiations."  (ECF No. 64 at 1).  While these statements reference Defendants' motivations for amending the Scheduling Order, neither references Defendants' diligence in

attempting to comply with now-lapsed deadlines in the modified Scheduling Order.  Nor have Defendants provided any legal authority to support their position.  In other words, Defendants have not proven that this is a situation in which there is no fault, and have provided no reasoning as to why the past-due deadline for submission of their expert report(s), which has been amended five times previously, could not have been reasonably met.  As such, the inquiry ends here.  *See Ademiluyi v. Pennymac Mortg. Inv. Trust Holdings I, LLC*, Civ. No. ELH-12-0752, 2015 U.S. Dist. LEXIS 16386, at *12-16 (D. Md. Feb. 10, 2015) (finding that the movant failed to show good cause where she failed to provide any explanation whatsoever as to why the amendments sought could not have been made within the scheduling deadline); *CBX Techs.*, 2012 U.S. Dist. LEXIS 103499, at *11 (finding that the movant failed to show good cause where a scheduling deadline was missed due to movant's own doing); *see also Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (holding that the movant failed to show good cause where "no excuse" was provided).

Moreover, a retroactive modification of the deadline for Defendants to submit an expert report would prejudice Plaintiff in this matter.  At this late hour, just days prior to the discovery deadline, Defendants unilaterally moved to amend the Scheduling Order in an attempt to cure their failure to meet the deadline for the submission of an expert report without noting Plaintiff's opposition, while Plaintiff timely met his deadline to do so.  In doing so, Defendants have allowed themselves an additional two-and-a-half-months of time to submit an expert report, all while having possession of Plaintiff's expert report.  Defendants' counsel even waited two months after the deadline to raise the issue with Plaintiff's counsel.  Prior to this correspondence on June 10, 2022, Plaintiff's counsel had no knowledge of Defendants' intention to submit an expert report in this matter.  Indeed, Plaintiffs were caught by surprise when it was disclosed that Defendants

intended to do so, Plaintiffs having assumed that Defendants would just rely on fact witnesses to defend their position in this case.

**III.**     **Defendants have not made the requisite showing of "good cause" and "excusable neglect" for retroactive modification of a past-due deadline in the Scheduling Order under Federal Rule of Civil Procedure 6(b)(1)(B).**

Defendants' Motion fails, even if the Court were to apply Rule 6(b)(1)(B) – the more general statute and less onerous on Defendants.

For deadlines that have expired, Rule 6(b)(1)(B) permits an extension only upon a showing of both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Some courts view Rule 6(b)(1)(B) as a lower threshold to meet than Rule 16(b)(4). *See, e.g.*, *Meriweather*, 2021 U.S. Dist. LEXIS 1043, at *9 ("In contrast to Rule 6, when used in Rule 16(b)(4), case law establishes that the term 'good cause' imposes a much heavier burden; Rule 16(b)(4)'s 'good cause' requirement, which focuses on diligence, is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect' requirement") (citing *Auto-Owners Ins. Co. v. Ace Electrical Service, Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) ("Rule 16 provides a more stringent standard than Rule 6's excusable neglect standard."); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-CIV-8171, 2008 U.S. Dist. LEXIS 82426, at *5 (S.D.N.Y. Oct. 15, 2008) ("'[g]ood cause' [under Rule 16] requires a greater showing than 'excusable neglect'")). This is because, as compared to Rule 6's 'excusable neglect' standard, Rule 16's "good cause" standard "implies justification rather than excuse (negligence can be excused but not justified)." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (internal citation omitted).

"Excusable neglect" is a very high standard for movants to meet and can be met only in extraordinary cases where injustice would otherwise result. *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996). The moving party bears the burden of proof with respect to whether Rule 6's "excusable neglect" standard has been met. *Id.*

The determination of whether neglect is excusable is an equitable inquiry that necessarily takes into account all relevant circumstances surrounding the movant's omission, including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The most important of these factors is the reason for the delay.  *Colony Apts. v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006).  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect' when such reasoning is given as a reason for failing to meet a deadline." *See Pioneer*, 507 U.S. at 392; *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011).  Similarly, palpable oversight or administrative failure do not usually constitute 'excusable neglect.' *Thompson*, 76 F.3d at 534; *see also Agnew v. United Leasing Corp.*, 680 Fed. Appx. 149, 155 (4th Cir. 2017) (holding that plaintiffs' stated reason for a failure to meet a deadline was insufficient when plaintiffs "failed to provide any explanation for their mistake other than the fact that it was a mistake"); *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (holding that a calendaring error was "precisely the sort of 'run-of-the-mill inattentiveness by counsel' that does not amount to excusable neglect") (quoting *Thompson*, 76 F.3d at 535); *Higgins v. Shepherd*, Civ. No: 3:13-CV-172, 2014 U.S. Dist. LEXIS 83409, at *2-4 (N.D. W.Va. Jun. 19, 2014) (declining to find excusable neglect where Defendants failed to ask the court to extend the examination deadline prior to its expiration despite the parties agreeing to an extension of the deadline amongst themselves prior to the deadline).

Defendants have not satisfied their burden of proof with respect to Rule 16(b)(4)'s "good cause" standard.  Indeed, they have provided no reasoning whatsoever for their failure to meet

long-passed deadlines.  *See supra* at Section I.  Given that Rule 6(b)(1)(B)'s "excusable neglect" standard is less onerous, Defendants have failed to satisfy their burden of proof with respect to Rule 6(b)(1)(B)'s "excusable neglect" standard for the same reasons as stated above.  *See Lucey*, 2018 U.S. Dist. LEXIS 237114, at *8 ("Because [the movant] cannot prove good cause as required under Rule 16(b), this Court does not need to analyze the Rule 6(b) factors in depth.").

## <u>CONCLUSION</u>

For the reasons set out above, Defendant's Motion should be denied with respect to modifying past-due deadlines.

Respectfully submitted,

/s/_____
George Clarke
Bar No. 16688
815 Connecticut Avenue NW
Washington, DC 20006
Tel: (202) 452-7057
Fax: (202) 416-7024
george.clarke@bakermckenzie.com

Attorney for Plaintiff

Dated: June 30, 2022

/s/_____
Yea-Jin Angela Chang
Bar No. 814335
*Pro Hac Vice*
600 Hansen Way
Palo Alto, CA 94304
Tel: (650) 856-2400
Fax: (650) 856-9299
angela.chang@bakermckenzie.com

Attorney for Plaintiff

Dated: June 30, 2022

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 30th day of June, 2022, this Opposition and proposed

Order were served on counsel of record by electronic means.


_____*/s/ George Clarke*_____
**George M. Clarke**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DWAYNE R. TORRENCE, JR.,

Plaintiff,

v.

BARTELS, M.D., et al.,

Defendants

Civil Action No. SAG-20-1223

## ORDER

UPON CONSIDERATION of the Motion to Modify Scheduling Order (ECF No. 64), it is hereby

ORDERED, that the Motion to Modify Scheduling Order is hereby **DENIED IN PART AND GRANTED IN PART;** and it is further

ORDERED, that the governing Scheduling Order shall be modified to reflect the following:

1. Discovery deadline; submission of status report by September 30, 2022;

2. Expert depositions to occur sometime after September 11, 2022, but that period is not to extend beyond 90 days (through December 10, 2022);

3. Requests for admissions to be filed by October 14, 2022; and

4. Dispositive motions to be filed by October 31, 2022.

13

Date: _____

_____

STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record