IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE R. TORRENCE, JR., <br><br> Plaintiff, <br><br> v. <br><br> BARTELS, M.D., et al., <br><br> Defendants | Civil Action No. SAG-20-1223 |

## DEFENDANTS' AMENDED MOTION TO MODIFY SCHEDULING ORDER

Defendants, Nicole Hargraves, Robert Williams, Bernard Alenda, Liberatus DeRosa, Electa Awanga, Mandip Bartels, Eveline Tatong, and Mofikpara Wright, (collectively referred hereto as the "Defendants"), by and through their undersigned counsel, hereby submits its Amended Motion to Modify the Scheduling Order and Brief in Support, as follows:

1. Plaintiff filed a Complaint in this matter on May 13, 2020 for alleged injuries sustained while incarcerated at Jessup Correctional Institution (JCI). ECF 1. Plaintiff filed an Amended Complaint in this matter on October 19, 2020. ECF 30.

2. On July 19, 2021, Defendant Corizon Health, Inc. was served with a subpoena concerning documents related to Plaintiff's lawsuit. Documents responsive to that subpoena were provided by Defendants. On October 29, 2021, the Parties filed a Joint Motion to Modify Scheduling Order, which was granted. The modified dates were as follows:

   a. March 18, 2022 - Plaintiff's Rule 26(a)(2) disclosures

   b. April 12, 2022 - Defendants' Rule 26(a)(2) disclosures

   c. May 12, 2022 - Plaintiff's rebuttal Rule 26(a)(2) disclosures

   d. June 11, 2022 - Rule 26(e)(2) supplementation of disclosures and responses

   e. June 30, 2022 - Discovery deadline; submission of status report

{M0147838.1}

      f. June 15, 2022 - Requests for admission

      g. July 31, 2022 - Dispositive pretrial motions deadline

3. Since the Scheduling Order was modified, Defendants deposed Plaintiff on November 8, 2021.

4. In addition, Plaintiffs deposed Defendant Dr. Bartels on February 23, 2022; deposed Defendant Eveline Tatong on February 24, 2022; deposed Defendant Nicole Hargraves on February 25, 2022; deposed Defendant Bernard Alenda on March 28, 2022; deposed Defendant Electa Awanga on May 26, 2022; deposed Defendant Dr. DeRosa on June 2 and 3, 2022; and deposed Defendant Dr. Williams on June 27, 2022.

5. Further, on May 2, 2022, Plaintiff served Defendants Wright, DeRosa, Williams, Bartels, Tatong, Awanga, Hargraves, and Alenda with a Second Request for Production of Documents.

6. On May 2, 2022, Plaintiff also served Corizon with a Second Subpoena. On March 18, 2022, Plaintiff filed his Rule 26(a)(2) disclosures. On June 23, 2022, Defendants filed a Motion to Modify the Scheduling Order, requesting the following:

      a. Defense expert reports to be produced by August 12, 2022;

      b. 30 days for Plaintiff to review the defense expert reports and supplemental opinions;

      c. Plaintiffs may designate rebuttal expert(s) by September 11, 2022;

      d. Discovery deadline; submission of status report by September 30, 2022;

      e. Expert depositions to occur sometime after September 11, 2022, but that period is not to extend beyond 90 days (through December 10, 2022);

      f. Requests for admissions to be filed by October 14, 2022; and

      g. Dispositive motions to be filed by October 31, 2022.

7. On June 24, 2022, that Motion was granted by Judge Stephanie A. Gallagher and then subsequently was rescinded later that same date to allow the Parties an opportunity to provide additional briefing.

8. Pursuant to Federal Rule of Civil Procedure Rule 16(B)(i), the scheduling order my "modify the timing of disclosures under Rules 26(a) and 26(e)(1). Rule 16(b)(4) states that a scheduling order can "be modified only for good cause and with the judge's consent". Fed. R. Civ. P. 16(b)(4).

9. The Fed. R. Civ. P. 16 advisory committee's note to 1983 amend. to subdiv. (b) states that "Rule 16(b) assures that the judge will take some early control over the litigation" and that "[T]he fixing of time limits serves 'to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.'" (quoting Report of the National Commission for the Review of Antitrust Laws and Procedures 28 (1979)).

10. The question before the Court is whether the deadlines should be extended to permit Defendants to properly disclose their expert witnesses pursuant to Rule 26(a), and to allow Plaintiff adequate time to respond to the disclosure.

11. For the reasons stated in further detail in Defendants' Memorandum in Support of this Motion, if the Scheduling Order is not modified, significant opinion testimony by Defendants' experts on subjects that may be important to determining liability and damages will be excluded and Defendants' case will be severely impacted.

12. As the missed deadline can easily be rendered harmless by granting relatively modest extensions of time, Defendants respectfully request a short extension in which to file an appropriate expert disclosure and report meeting all the requirements of Rule 26(b)(2).

**WHEREFORE**, the Defendants respectfully request that the Court grant Defendants' Amended Motion to Modify the Scheduling Order.

    Respectfully submitted,

    **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

By: /s/ *Megan T. Mantzavinos*
    Megan T. Mantzavinos
    Bar Number: 16416
    mmantzavinos@moodklaw.com
    Sarah C. Boehme
    Bar Number: 22334
    sboehme@moodklaw.com
    600 Baltimore Avenue, #305
    Towson, Maryland 21204
    (410) 339-6880
    (410) 339-6881 (Fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of June, 2022, the foregoing document was served on counsel of record by electronic means.

Angela Chang
660 Hansen Way
Palo Alto, CA 94304
Tel: (650) 856-2400
Fax: (650) 856-9299
angela.chang@bakermckenzie.com

Nicholas O'Brien
Pro Hac Vice
452 Fifth Avenue
New York, New York 10018
Tel: (212) 626-4100
Fax: (212) 310-1600
nicholas.obrien@bakermckenzie.com
Attorneys for Plaintiff, Dwayne R. Torrence, Jr.

                                                    */s/ Megan T. Mantzavinos*
                                              Megan T. Mantzavinos, Esquire