IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE R. TORRENCE, JR., <br><br> Plaintiff, <br><br> v. <br><br> BARTELS, M.D., et al., <br><br> Defendants | Civil Action No. SAG-20-1223 |

**BRIEF IN SUPPORT OF AMENDED MOTION TO MODIFY SCHEDULING ORDER**

Defendants, Nicole Hargraves, Robert Williams, Bernard Alenda, Liberatus DeRosa, Electa Awanga, Mandip Bartels, Eveline Tatong, and Mofikpara Wright, (collectively referred hereto as the "Defendants"), by and through their undersigned counsel, hereby submits this Brief in Support of its Amended Motion to Modify the Scheduling Order, as follows:

**I. FACTS OF THE CASE AND SCHEDULING ORDER**

Plaintiff filed a Complaint in this matter on May 13, 2020 for alleged injuries sustained while incarcerated at Jessup Correctional Institution (JCI). ECF 1. Plaintiff filed an Amended Complaint in this matter on October 19, 2020. ECF 30. Plaintiff alleges one cause of action against all Defendants, Violation of Civil Rights 42 U.S.C. § 1983, 8th Amendment.  He alleges that Defendants demonstrated deliberate indifference to his serious medical needs by refusing to provide exchange transfusion treatments, failing to provide him with proper pain management, and failing to properly care for his Medi-port. Id. at ¶101.

Plaintiff claims that he told Defendants he required the transfusions and that hydroxyurea treatment did not work for him in the past. Id. at ¶103. He alleges that his hematologist, Dr. Law, communicated with "Defendants (and their staff)" multiple times, and insisted that the transfusions were medically necessary. Id. at ¶106. He claims that despite her recommendations, Defendants

{M0148048.1}

insisted on a hydroxyurea regimen that they allegedly knew was ineffective for Plaintiff. Id. As a result, he claims to have suffered increased chronic pain, several sickle cell crises , and life-threatening ACS. Id. at ¶106. He also claims to have suffered potential long-term tissue damage and impotence - caused by Defendants' alleged refusal to treat Plaintiff's priapism episodes brought on by his disease. Id. at ¶108.

On July 19, 2021, Defendant Corizon Health, Inc. was served with a subpoena concerning documents related to Plaintiff's lawsuit. Documents responsive to that subpoena were provided by Defendants. On October 29, 2021, the Parties filed a Joint Motion to Modify Scheduling Order, which was granted. The modified dates were as follows:

March 18, 2022 - Plaintiff's Rule 26(a)(2) disclosures

April 12, 2022  - Defendants' Rule 26(a)(2) disclosures

May 12, 2022 - Plaintiff's rebuttal Rule 26(a)(2) disclosures

June 11, 2022 - Rule 26(e)(2) supplementation of disclosures and responses

June 30, 2022 - Discovery deadline; submission of status report

June 15, 2022 - Requests for admission

July 31, 2022 - Dispositive pretrial motions deadline

Since the Scheduling Order was modified, Defendants deposed Plaintiff on November 8, 2021. In addition, Plaintiffs deposed Defendant Dr. Bartels on February 23, 2022; deposed Defendant Eveline Tatong on February 24, 2022; deposed Defendant Nicole Hargraves on February 25, 2022; deposed Defendant Bernard Alenda on March 28, 2022; deposed Defendant Electa Awanga on May 26, 2022; deposed Defendant Dr. DeRosa on June 2 and 3, 2022; and deposed Defendant Dr. Williams on June 27, 2022.

Further, on May 2, 2022, Plaintiff served Defendants Wright, DeRosa, Williams, Bartels, Tatong, Awanga, Hargraves, and Alenda with a Second Request for Production of Documents. On

May 2, 2022, Plaintiff also served Corizon with a Second Subpoena. On March 18, 2022, Plaintiff filed his Rule 26(a)(2) disclosures. On June 23, 2022, Defendants filed a Motion to Modify the Scheduling Order, requesting the following:

a. Defense expert reports to be produced by August 12, 2022;

b. 30 days for Plaintiff to review the defense expert reports and supplemental opinions;

c. Plaintiffs may designate rebuttal expert(s) by September 11, 2022;

d. Discovery deadline; submission of status report by September 30, 2022;

e. Expert depositions to occur sometime after September 11, 2022, but that period is not to extend beyond 90 days (through December 10, 2022);

f. Requests for admissions to be filed by October 14, 2022; and

g. Dispositive motions to be filed by October 31, 2022.

On June 24, 2022, that Motion was granted by Judge Stephanie A. Gallagher and then subsequently was rescinded later that same date to allow the Parties time to file additional briefing.

## II. LEGAL STANDARD AND ARGUMENT

Pursuant to Federal Rule of Civil Procedure Rule 16(B)(i), the scheduling order my "modify the timing of disclosures under Rules 26(a) and 26(e)(1). Rule 16(b)(4) states that a scheduling order can "be modified only for good cause and with the judge's consent". Fed. R. Civ. P. 16(b)(4). The Fed. R. Civ. P. 16 advisory committee's note to 1983 amend. to subdiv. (b) states that "Rule 16(b) assures that the judge will take some early control over the litigation" and that "[T]he fixing of time limits serves 'to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.'"

(quoting Report of the National Commission for the Review of Antitrust Laws and Procedures 28 (1979)).

The question before the Court is whether the deadlines should be extended to permit Defendants to properly disclose their expert witnesses pursuant to Rule 26(a), and to allow Plaintiff adequate time to respond to the disclosure. In general, motions to extend time, which are filed after court deadlines have run, are governed by Federal Rule of Civil Procedure 6(b)(1)(B). That Rule provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993), the Supreme Court interpreted the phrase "excusable neglect." The Court articulated four factors to be considered in determining whether excusable neglect has occurred: "[1] danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id*. at 395.

In addition to the general rules governing missed deadlines, the Federal Rules of Civil Procedure specifically address the situation presented here—a failure to disclose an expert witness. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Fourth Circuit has held that a district court should be guided by five factors in considering whether a failure is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3)

the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

In analyzing *Southern State*'s five factors, any surprise Plaintiff may claim can be readily cured through an extension of time. In addition, there would be no conceivable disruption to a trial because no trial date has yet been scheduled. The documents still being gathered and testimony that is still being taken in this case are critical for both Parties' experts to review in order to assist the Parties in developing their claims and defenses. Regarding the *Southern State*'s factor, "explanation for its failure to disclose the evidence", at the time of the expert disclosure deadlines, both Parties were still engaging in discovery necessary to support their experts opinions.

In *Empire Res., Inc. v. Universal Trade Sols., Inc.*, 2020 U.S. Dist. LEXIS 238004 (D. Md. Dec. 18, 2020), while one of the parties did miss the deadline to file their expert disclosures, the court analyzed the *Southern State* factors and determined that the missed deadline could easily be rendered harmless by granting relatively modest extensions of time.

While Defendants do not deny that they missed the deadline to file their Rule 26(a)(2) disclosures, not allowing Defendants to remedy the harm caused by missing this deadline would severely prejudice the Defendants. While Defendants acknowledge that the Court's Scheduling Order must be strictly followed and that the Scheduling Order reflects the Court's effort to achieve a just and timely resolution of this case, Defendants respectfully request additional time to remedy this situation and request that the Court permit Defendants to provide Plaintiff with their expert disclosure.

As indicated above, the Parties have still been engaging in thorough discovery, including taking depositions and exchanging documents. These documents and the deposition testimony is crucial for Defendants' expert witnesses to review. In order to allow sufficient time for

investigation of Plaintiff's claims and to allow Defendants' expert witnesses ample time to review the voluminous documents and deposition transcripts from this case, Defendants respectfully request that this Court grant its Amended Motion to Modify the Scheduling Order in this matter.

A trial date has not yet been set. The Parties are still engaging in discovery and Defendants filed their Motion requesting that the Scheduling Order be modified before the close of discovery. An extension of the deadlines, including the submission of Defendants' Rule 26(a)(2) disclosures, will not cause undue delay and failing to provide Defendants' experts with an opportunity to review all of the documents and deposition transcripts from this litigation will unfairly prejudice Defendants because they will be forced to defend their claims without any expert reports or opinions.

If the Scheduling Order is not modified, significant opinion testimony by Defendants' experts on subjects that may be important to determining liability and damages will be excluded and Defendants' case will be severely impacted. As the missed deadline can easily be rendered harmless by granting relatively modest extensions of time, Defendants respectfully request a short extension in which to file an appropriate expert disclosure and report meeting all the requirements of Rule 26(b)(2).

## III. CONCLUSION

For these reasons, the Defendants respectfully request that the Court grant Defendants' Amended Motion to Modify the Scheduling Order.

       Respectfully submitted,

       **MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

By: */s/ Megan T. Mantzavinos*
     Megan T. Mantzavinos
     Bar Number: 16416
     mmantzavinos@moodklaw.com
     Sarah C. Boehme
     Bar Number: 22334
     sboehme@moodklaw.com
     600 Baltimore Avenue, #305
     Towson, Maryland 21204
     (410) 339-6880
     (410) 339-6881 (Fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of June, 2022, the foregoing document was served on counsel of record by electronic means.

Angela Chang
660 Hansen Way
Palo Alto, CA 94304
Tel: (650) 856-2400
Fax: (650) 856-9299
angela.chang@bakermckenzie.com

Nicholas O'Brien
Pro Hac Vice
452 Fifth Avenue
New York, New York 10018
Tel: (212) 626-4100
Fax: (212) 310-1600
nicholas.obrien@bakermckenzie.com
Attorneys for Plaintiff, Dwayne R. Torrence, Jr.

                                                                  */s/ Megan T. Mantzavinos*
                                                   Megan T. Mantzavinos, Esquire